RIORDAN, KAUDER & COMPANY, INC., Respondent, *v.* CHRISTOPHER H. COUGHLIN, Appellant.

First Department, May 10, 1929.

*Charles P. Rogers* of counsel [*Oliver C. Carpenter* with him on the brief; *Holmes, Rogers & Carpenter*, attorneys], for the appellant.

*Louis Boehm*, for the respondent.

McAvoy, J.   In March, 1927, the defendant met one Murray N. Kauder, an officer of the plaintiff, with whom he had been acquainted for several years.   Kauder made an arrangement with the defendant Coughlin in April, 1927, whereby defendant was to make his headquarters in plaintiff's office, and have free office space, furniture, telephone and stenographic service, and the parties were to engage co-operatively in dealings in securities.   They had admittedly two transactions in the purchase and sale of stock which resulted in profits, which were, in fact, joint transactions between them, and during that period defendant paid nothing towards the expenses of the office pursuant to the alleged agreement which was made at the time of his entry into the plaintiff's office.

The transaction which is the subject of this suit, was had in the purchase and sale of 1,000 shares of Electric Public Utilities stock, which plaintiff alleges was carried out as a joint account, and which defendant asserts was an individual transaction on his part.

Defendant had taken an option to buy these 1,000 shares at ten points below the market, and on June sixteenth, the day after he had taken the option, he sold the 1,000 shares to the General Electric Employees' Security Corporation, and the sale resulted in a profit.

In August, 1927, about two months after the transaction, plaintiff sent a bill to the defendant, demanding its share of the profits in the transaction, and, upon defendant refusing to account therefor, this suit arose.

We think that the testimony fails to make reasonably certain that there was any specific understanding that this transaction was to be on joint account. There is a conflict in the testimony offered by plaintiff through the testimony of Joseph Dash, one of the incorporators, and that of Coughlin, the defendant, and even the testimony of Kauder, one of plaintiff's own witnesses, is not consistent with Dash's testimony.

Kauder's testimony, in effect, is an admission that he told Coughlin many times that plaintiff had no interest in the transaction which constituted the cause of action in the complaint.

The principal reliance for the proof of a joint venture in this transaction was made by the witness Dash, who testified that Coughlin said to him that he took an option on 1,000 shares of Electric Public Utilities, and that he believed he could " sell them among the three of us," and when the witness asked Coughlin why he did not take an option on more, Coughlin said, " Do not forget a joint account is all right, but do not forget if you do not dispose of them it amounts to a lot of money." Thereafter Coughlin stated to the witness Dash, according to the testimony, that he had sold the shares to the General Electric people, and when Dash asked him, " Do we get the money right away? " he said: " No, no, you do not understand it; it takes some time before we get the money." And Dash replied: " Well, I wish we would get it quick." This is, in effect, the basis of the alleged agreement or specific understanding that these shares were to be traded in by the parties on joint account.

While it is quite apparent from the testimony that some of the transactions prior to this one were carried out as joint ventures, yet there is no doubt that both plaintiff and defendant traded separately and distinctly on matters not involved in those tradings, and thus there must be a basis in the proof for a finding here that

there was a specific understanding that this transaction was to be on joint account since there was no assertion or proof of a general partnership in all transactions.

The testimony of Dash, attempting so to establish a joint venture, was categorically denied throughout by Coughlin, and all the circumstances surrounding the purchase and sale of the securities and matters occurring subsequently uphold him in his denials, and give ground for the belief that there was no agreement with respect to a division of profit on the sale of these shares.

We, therefore, regard the proof of the plaintiff as lacking in that character and weight which should be offered to sustain a claim of a joint venture, and are convinced that the judgment should have gone for defendant on the facts and the inferences which arose from the testimony.

The judgment should, therefore, be reversed, with costs, and judgment directed for the defendant, with costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed for defendant, with costs. Settle order on notice reversing findings inconsistent with this determination and containing such new findings of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.