ACKLEY SHOVE, as Administrator, etc., of W. FRANK SHOVE, Deceased, Appellant, v. JULIUS SIEGBERT, Respondent.

First Department, November 3, 1933.

*Nathan April* of counsel [*Louis H. Strouse*, attorney], for the appellant.

*Leonard Belford* of counsel [*Nichols & Snevily*, attorneys], for the respondent.

MERRELL, J. This action was brought in equity to compel the defendant to account to the plaintiff for moneys received by him on account of the defendant's record ownership of 702 shares of the capital stock of the Morey Mining Company, and to direct defendant to pay plaintiff 50 /702 of said sum and property found to have been received by him. The action is purely in equity, and no cause of action at law is stated. At the opening of the trial the defendant moved to dismiss the complaint on the ground, first, that no cause of action is stated that entitled the plaintiff to bring this suit in equity against the defendant, and on the further ground that no cause of action of any kind is alleged in the complaint. This motion was denied, and at the close of plaintiff's case counsel for defendant renewed his motion to dismiss the

complaint on the ground that it failed to state a cause of action against the defendant, and that it failed to state any cause of action in equity, which motion was granted.

The appellant makes two contentions: *First*, that the plaintiff's intestate and the defendant were joint adventurers, and that the defendant received certain property for which he should account. The *second* contention is that the defendant holds certain shares of the capital stock of the Morey Mining Company as trustee *ex maleficio*. The plaintiff makes no claim of any right to recover in an action at law. The sole question presented upon this appeal is whether or not facts were proven entitling the plaintiff to an accounting, either upon the theory that the parties were joint adventurers or that the defendant was a trustee *ex maleficio* of certain shares of stock to which the plaintiff was entitled.

The plaintiff, appellant, owned five of 702 bonds of the Louisiana Consolidated Mining Company. The bonds of the Louisiana Consolidated Mining Company became exchangeable for the capital stock of the new company, Morey Mining Company, on the basis of one share of Morey Mining Company stock for each $100 par value of the Louisiana Consolidated Mining Company bonds. When the Morey Mining Company was organized the defendant, respondent, received 702 shares of the capital stock of the Morey Mining Company in exchange for his bonds. By way of liquidating dividends the defendant, respondent, received $70,902 on said 702 shares of the capital stock of the Morey Mining Company. Plaintiff, appellant, received nothing. The plaintiff, appellant, contends that owing to the fact that his intestate contributed the sum of $325 of a total assessment of $4,984.20 on the 702 bonds, said intestate was entitled to fifty shares of the stock in the new company, or 50/702 of the $70,902, or $5,050, and which, after demand made, the defendant, respondent, refused to pay to the plaintiff, appellant. There is not the slightest evidence in this case showing any joint adventure between these parties. The $325 contributed by the plaintiff's intestate to the formation of the new company, and for which the plaintiff claims to be entitled to stock aggregating in value $5,050, was paid by checks, which checks were drawn by plaintiff's intestate to the order of the Morey Mining Company and were forwarded by the defendant to the Morey Mining Company with the statement that the plaintiff's intestate was participating with him in the formation of the new company, and, in substance, was entitled to his *pro rata* share in the reorganization. There was absolutely no element of joint adventure between the parties in the transaction. In *Forman* v. *Lumm* (214 App. Div. 579) this court defined joint adventure as follows: " A joint

adventure is defined as a ' special combination of two or more persons where in some specific venture a profit is jointly sought without any actual partnership or corporate designation.' * * * It is an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge." And in another case in this department, *Hutchinson* v. *Birdsong* (211 App. Div. 316), this court held that " In order to constitute a joint adventure, it is not sufficient that the parties share in the profits and losses; but there must be in addition an intention of the parties to be associated together as partners, either as general partners, or for the more limited duration of a joint adventure. The same rules govern both partnerships and joint adventures." And in *Riordan, Kauder & Co., Inc.,* v. *Coughlin* (226 App. Div. 97; affd., 254 N. Y. 537) this court held that in order to create the relation of joint adventurer there must be a specific understanding that a particular transaction was a joint venture in the absence of a general partnership. There is no allegation whatever in the complaint as to the parties having been engaged in any joint adventure, and there was no evidence given at the trial showing any joint adventure undertaken by the parties. The evidence disclosed that the plaintiff, appellant, purchased from the defendant, respondent, five bonds of the Louisiana Consolidated Mining Company and that in the reorganization of the defunct company into the Morey Mining Company the plaintiff, appellant, paid to the latter company an assessment amounting to $325. The appellant's first contention that the plaintiff was entitled to an accounting on the ground of the joint adventure entered into between the parties must fail.

However, we are of the opinion that the plaintiff's intestate having contributed to the reorganization plan the 702 shares of the stock of the Morey Mining Company received by the defendant included a *pro rata* share in said reorganization to which plaintiff's intestate was entitled. The evidence very clearly shows that Shove, plaintiff's intestate, paid assessments required of the bond-holders, amounting to $325. This was received by the Morey Mining Company on October 26, 1925, and Mr. R. S. Nichols, the treasurer of the Morey Mining Company, wrote the defendant: " You have paid your assessment in full and * * * have loaned the company $337.80. However, Mr. W. F. Shove's payments of $325.00 and $100.00 are carried in your name because he was not a bondholder." In response to this letter from the treasurer of the Morey Mining Company, the defendant, on October 29, 1925, wrote Mr. Nichols, the treasurer of the Morey Mining Company, as follows: " Yours of the 26th to hand and contents carefully

noted. This matter will be adjusted between Mr. Shove, Mr. Osborn and myself." On November 6, 1925, Nichols, the treasurer of the Morey Mining Company, wrote the defendant as follows: " You actually paid $337.80 more than your assessment. (This includes ($425.00) from Mr. W. F. Shove.)"

We think the testimony in the case, therefore, clearly shows that of these 702 shares of stock received by the defendant, fifty shares belonged to Shove, and that the same were received by defendant and are held by him as agent for Shove. We think a constructive trust resulted from the receipt by defendant of the shares of stock to which plaintiff's intestate was justly entitled and that, therefore, the defendant should account for the proportionate share of the moneys received by him to which plaintiff is entitled. Concededly, the defendant has received and holds fifty shares of the stock of the Morey Mining Company, or the avails thereof, to which the plaintiff's intestate was justly entitled. The defendant should account to the plaintiff therefor. To that extent the plaintiff is entitled to equitable relief herein. The law is well settled that if one acquires property with the funds of another, equity will impress a trust upon the property so acquired for the benefit of the one whose funds purchased the property. (*Newton* v. *Porter*, 69 N. Y. 133.)

"A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee (*Moore* v. *Crawford*, 130 U. S. 122, 128)." (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380, 386.)

The judgment appealed from should be reversed, and a new trial granted, when the defendant may be required to account to the plaintiff for the *pro rata* share of the moneys received by defendant to which plaintiff's intestate may be entitled, with costs to appellant to abide the event.

FINCH, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.