In the Matter of the Claim of EILEEN A. GOODMAN, Respondent, against STONE & WEBSTER ENGINEERING CORPORATION et al., Respondents, and INTERNATIONAL CHIMNEY CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the International Chimney Corporation and its carrier from a decision and award of the Workmen's Compensation Board. The respondent Stone & Webster Engineering Corporation entered into a contract with the Niagara Mohawk Power Corporation to supervise construction of a power station. The appellant International Chimney Corporation entered into a contract with Niagara Mohawk to erect a chimney at the station. In the course of the construction of the chimney it was necessary to fill the inside of the stack with gravel. A Mr. Harter, the appellant's field superintendent, contacted Mr. Forcade, the respondent's construction supervisor, sometime prior to October 12, 1957 for the purpose of obtaining two laborers and a high lift and operator to perform the filling operation. On the morning of October 12, 1957 the two laborers and the decedent, who was the high lift operator, reported to perform this work. Forcade testified that he was present for a short time and then left and that he gave the men no instructions. Mr. Harter was present supervising the operation. He testified that he gave the laborers their initial instructions but that he did not recall giving the decedent any directions but he then admitted telling him where to put the gravel. While filling the stock with gravel the high lift tipped down in front pinning the decedent against the chimney and he was killed. The two laborers were placed on the appellant's payroll for the day in question and paid directly by the

appellant. Because of a union regulation forbidding the transfer of engineers during the course of a job the decedent remained on the respondent's payroll. However the appellant was billed and paid $9 per hour for the high lift and an amount covering the decedent's salary including a charge for unemployment insurance, F. I. C. contributions, a welfare fund and 10% for overhead and administration. The respondent's accountant testified that these charges only represented the cost to the respondent and included no profit. It appears that similar arrangements between the parties had taken place on several previous occasions on this job. The Referee found that the appellant, International Chimney, was the decedent's employer at the time of the accident and made an award against it. On review the board affirmed the award finding that the respondent was the decedent's general employer and the appellant his special employer under whose supervision he was working at the time of his death. The rule is well established that if there is both a general and special employer the board can make an award against both or either of the employers as it sees fit. The appellate courts have no power "to compel a uniform or consistent rule for the board to follow irrespective of the facts of a particular case". (*Matter of Cook* v. *Buffalo Gen. Hosp.*, 283 App. Div. 899, 900, affd. 308 N. Y. 486; *Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273; *Matter of Schweitzer* v. *Thompson & Norris Co.*, 229 N. Y. 97.) Thus the question presented here is whether there is sufficient evidence from which it could be found that the appellant International Chimney was a special employer. In a recent case Justice GOLDMAN discussed the New York law of general and special employers (*Bird* v. *New York State Thruway Auth.*, 8 A D 2d 495). He states that " a question of fact is involved of which no one element is decisive" (p. 497). The right to control is an important factor. It would seem clear here that only the respondent had the right to discharge the decedent. Larson (Workmen's Compensation Law, vol. 1) points out that when heavy equipment is involved the general employer usually retains the right to control in order to safeguard his machinery (§ 48.30). Nevertheless it would seem it could be found here that the appellant had the right to control the manner in which the work was done. Its supervisor was present and even though he didn't in fact give any orders he initially told the decedent what to do and he was there in a supervisory capacity so that it could be found that if it had been necessary to give any orders he could have done so. As to the method of payment the decedent was paid by the appellant even though he remained on the respondent's payroll. Perhaps the outstanding feature of this case which indicates that the appellant was a special employer is the nature of the business in which the decedent was engaged at the time of the accident. He was clearly performing work which was solely the business of the appellant. It is true that the respondent was supervising the entire construction job but the erection of the chimney was the appellant's obligation under its contract with Niagara Mohawk. It also appears that the respondent was apparently making no profit on this transfer of men and equipment. The case of *Matter of Dennison* v. *Peckham Road Corp.* (295 N. Y. 457) would appear to support the decision here. There the special employer rented a truck shovel along with the operator, including the decedent who was an oiler, who worked under the direction of the operator. They were placed on the special employer's payroll but no one from the special employer gave them any directions except to point out where the work was to be done. In that case an award against both employers was upheld and since the board has the power to hold one or both the decision of the board here should, likewise, be affirmed. The determination is essentially one of fact and there appears to be sufficient evidence here from which the appellant could be found to be a special employer. Decision and award unanimously affirmed, with costs to respondent employer and carrier. Present -- Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.