RALPH FALLONE, Respondent, *v.* MISERICORDIA HOSPITAL, Defendant, and INDUSTRIAL ENGINEERING Co., Appellant.

First Department, May 18, 1965.

*Joseph M. Callahan* of counsel (*Dale A. Welke* with him on the brief; *George J. Conway*, attorney), for appellant.

*Benjamin H. Siff* of counsel (*Saminsky, Olin & Stern*, attorneys), for respondent.

VALENTE, J.   Defendant Industrial Engineering Co. (Industrial) appeals from a judgment in plaintiff's favor entered upon a verdict of a jury.   The question presented on this appeal is whether workmen's compensation was plaintiff's exclusive remedy which precluded recovery in this action.

Plaintiff was injured on May 2, 1957 when in the course of the construction of certain hospital buildings in Bronx County, a scaffold, on which plaintiff was working, collapsed.

On May 22, 1956 Vermilya-Brown Construction Co. (Vermilya) entered into a contract with the owners to construct the

hospital. On May 24, 1956, Vermilya and Industrial entered into a contract in which they agreed to perform the construction contract as joint venturers. That agreement was consented to by the owner of the property.

In summary, the testimony of plaintiff and his witnesses on the liability phase of his case was that plaintiff was a specialist in concrete work and was an employee of Vermilya; and that at the time of the accident, and for several days prior thereto, plaintiff was working under the direction of Industrial's foreman. This proof presented an issue of negligence as to the supplying of an inadequate scaffold.

Appellant offered no testimony as to the accident but called the cost accountant of Vermilya as a witness. That witness testified that Vermilya and Industrial were jointly engaged in the construction of the buildings, and that there was no segregation in payrolls of Vermilya and Industrial. Tax withholding and social security records showed that plaintiff was receiving his salary from the joint venture.

The crux of the defense, as pleaded in appellant's answer, was that Vermilya and appellant were both acting as general contractors on the construction job and that plaintiff was employed by the joint venture; that the joint venture had complied with the Workmen's Compensation Law by providing a policy of workmen's compensation insurance with an approved surety company; and that consequently workmen's compensation benefits under that policy provided plaintiff's sole remedy. (Workmen's Compensation Law, §§ 10, 11, 29, 50.)

At the conclusion of the testimony, the Trial Judge dismissed the defense based on workmen's compensation, holding that defendant had not sustained the burden of proving that plaintiff was an employee either of Industrial or of the joint venture.

We have concluded that the Trial Judge erred in dismissing the defense and that the judgment in plaintiff's favor should be reversed and the complaint dismissed on the ground that workmen's compensation was plaintiff's exclusive remedy precluding recovery in this action.

Section 10 of the Workmen's Compensation Law requires that every employer secure compensation for his employees to cover benefits for the disability or death of employees from injuries arising out of and in the course of their employment without regard to fault. Where an employer has obtained compensation insurance, section 11 of the same act provides that workmen's compensation shall be the exclusive remedy of injured employees.

An " Employer " is defined in subdivision 3 of section 2 of the Workmen's Compensation Law as follows: " ' Employer ', except when otherwise expressly stated, means a person, partnership, association, corporation ". This definition does not specifically refer to a " joint venture ". Plaintiff argues that the omission of the category of " joint venture " from the definition in subdivision 3 of section 2 was deliberate since a joint venture is not an entity. There is no basis to support a claim of deliberate omission. The contention that only " entities " are described in the definition is untenable. An association is not an entity. In *Williams* v. *Hartshorn* (296 N. Y. 49, 51) it was held in a workmen's compensation case that " a partnership is not to be regarded as a separate entity distinct from the persons who compose it."

A joint venture was defined in *Forman* v. *Lumm* (214 App. Div. 579, 583) as " an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge ". (For similar definitions and discussions of the nature of a joint venture, see 32 N. Y. Jur., Joint Adventures, §§ 1–5; Ann. 63 A.L.R. 909; 41 Cornell L. Q. 640; 18 Fordham L. Rev. 114.)

An examination of the agreement between Vermilya and Industrial discloses that the parties are referred to as " Joint Venturers " and that the agreement is limited to the project for the construction of the hospital. The respective interests of the parties in the net proceeds and in their obligations and liabilities are fixed at 75% for Vermilya and 25% for Industrial. Provision is made for the selection of specific designees of the joint venturers to make decisions in connection with the performance of the construction work. Costs of insurance and taxes on labor, among other things, are made part of the cost of construction.

Defendant offered to show that workmen's compensation insurance was provided and procured by the joint venture pursuant to the agreement, but the trial court excluded such proof on the ground that the agreement spoke for itself. That was an erroneous ruling since the proffer was as to performance and not interpretation of the agreement. There is evidently no dispute that the parties to the agreement did procure workmen's compensation insurance. The appeal has been argued on that basis.

The conclusion that the agreement between Industrial and Vermilya is unquestionably one of a joint venture to construct

the hospital buildings is irrefutable. It meets all the tests for such a relationship, i.e. an association of two or more persons to carry out a single enterprise for profit. (See *Shove* v. *Siegbert*, 239 App. Div. 334.) Being parties to a joint venture, the liability as to the parties to the agreement for torts is governed by the law applicable to partnerships. (Prosser, Torts [3d ed.], § 71, p. 489.) In *Haxton & Son* v. *Rich* (267 App. Div. 492, 495) the court said: "Rules of law governing partnerships, if relevant, apply to a 'joint adventure' which in this State has been termed a 'limited copartnership' [citing cases]". (See, also, 2 Rowley, Partnership [2d ed.], § 52.55; 30 Am. Jur., Joint Adventures, § 58.)

There is no authoritative decision in this State dealing with the precise question posed in the instant case; but holdings in other jurisdictions point to the proper determination. Whether the joint venture herein be treated as a separate entity (see *Toenberg* v. *Harvey*, 235 Minn. 61) or as a creation of a status or relationship between the parties (*Johnston Grain Co.* v. *Self*, 344 P. 2d 653 [Okla.]) plaintiff must be considered an employee of the joint venture. In *Johnston Grain Co.* v. *Self*, the court held that the employee of a joint venture was the employee of each of the joint adventurers so as to make insurance carriers who had insured each joint adventurer for workmen's compensation jointly and severally liable for a compensation award. (See, also, *Breeze* v. *Herbert J. Elkins, Inc.*, 51 N. J. Super. 296; *Industrial Comm.* v. *Lopez*, 150 Col. 87.)

Thus, whether or not the joint venture be considered to fall within the scope of section 2, subd. 3, of the Workmen's Compensation Law defining an employer among other things as a "partnership", the parties forming that relationship are persons or corporations, and are jointly and severally liable for injuries to an employee of the joint venture. In *Snyder* v. *Industrial Comm. of Col.* (138 Col. 523) joint venturers were considered as an "association of persons" in a decision involving a workmen's compensation case. Recognition that a joint venture is contemplated under the Workmen's Compensation Law may be found in the Rules of the New York Compensation Insurance Rating Board filed with the Superintendent of Insurance pursuant to sections 181 and 184 of the Insurance Law. Those rules (§ IV, subd. 10) have for many years contained provisions for forms of policies of workmen's compensation insurance for a joint venture, particularly one, such as in the instant case, involving a construction project.

The joint venture herein obtained such compensation insurance. We see no reason in law or public policy why such insur-

ance should not insulate the members of the joint venture from liability for negligence where an employee of the joint venture has been injured. Whether, as appellant argues, there is a common practice in large construction work for several joint venturers to assume united responsibility is not demonstrated by the record before us. However, we see no impediment to the assumption of such relationships. Where they are entered into in good faith, the purposes of the Workmen's Compensation Law are not hindered or frustrated if members of such joint ventures are permitted to free themselves of common-law liability for injuries to employees so long as adequate workmen's compensation insurance is obtained. The Workmen's Compensation Law was designed not only to assure injured employees of certain compensation but also to afford protection to employers against excessive claims for injuries. (*Cook* v. *Kiewit Sons Co.*, 15 Utah 2d 20.)

The record establishes that plaintiff was in the employ of the joint venture. His exclusive remedy, therefore, against appellant was under the Workmen's Compensation Law. (See *Cook* v. *Kiewit Sons Co.*, *supra*.) Instead of being stricken, the defense of workmen's compensation should have been sustained as a complete bar to this action.

Apart from the question of whether plaintiff was employed by the joint venture, on plaintiff's evidence the complaint would have to be dismissed, because even if plaintiff were employed solely by Vermilya, plaintiff at the time of the injury was a special employee of Industrial. Upon the uncontradicted evidence, plaintiff, at the time of the accident and for three days before, had been doing work for Industrial assisting the men who were installing the concrete, and had been acting under the direction of appellant's foreman. The legal effect of such conduct was that Industrial became plaintiff's special employer. The liability of a special employer is precisely the same as a general employer under the Workmen's Compensation Law. (*Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273.) A compensation award could be made against either the special or general employer, or both. (*Matter of Janikowski* v. *Yardleys of London*, 11 A D 2d 577.) Consequently, since there was compensation insurance, plaintiff could not maintain an action in neglience against the special employer.

In view of our conclusion that the complaint should be dismissed we do not reach the claimed errors in the charge nor the question of excessiveness.

The judgment should therefore be reversed on the law and the facts, and the complaint dismissed, with costs and disbursements to the appellant.

BOTEIN, P. J., McNALLY, STEVENS and STEUER, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, with $50 costs to the appellant, and the complaint dismissed.