■ In the Matter of the Claim of Gordon C. Piester, Respondent, v. Clinton H. Traver et al., Appellants, and Livingston Cemetery Association, Respondent. Workmen's Compensation Board, Respondent. — Herlihy, J. Appeal from decision of the Workmen's Compensation Board determining that appellant Clinton H. Traver was the employer of the claimant. On October 22, 1963 the board found that "the claimant was not an independent contractor, but an employee of the Livingston Cemetery Association and Clinton Traver, funeral director, jointly and severally" and on May 12, 1964 disallowed claim against Livingston Cemetery Association **as it had no** jurisdiction over this nonprofit organization. The only question is whether

claimant was an employee of Clinton H. Traver. In 1954 claimant was engaged by members of the Livingston Cemetery Association to open graves at an established price to be paid by the funeral director. Prior to the date of the accident the appellant, a funeral director, had hired him to dig graves on other occasions. There was also testimony that said Traver owned approximately 12 plots in the Livingston Cemetery in which deceased members of the Adventist Home were buried. Claimant testified that in December, 1960 he received a call from appellant who informed him that "he had a death at the Adventist Home and that he would need a grave dug". He designated the size of the outside box and the approximate time of burial. In Matter of *De Noyer* v. *Cavanaugh* (221 N. Y. 273, 275-276), with reference to dual employment, the court stated: "The fact that a workman has a general and a special employer is not inconsistent with the relation of employer and employee between both of them and himself. If the men are under the exclusive control of the special employer in the performance of work *which is a part of his business,* they are, for the time being his employees * * * [S]o under the Workmen's Compensation Law they may, so far as its provisions are applicable, look to the one or to the other or to both for compensation of injuries due to occupational hazards" (emphasis supplied). The appellant denies supervision or control over the claimant. He testified that he could not hire or send any of his own men in the cemetery to dig a grave; that the Cemetery Association designated whom he could use; that as far as he knew the cemetery set the fee; that he had no authority to discharge the claimant as grave digger for the Cemetery Association; that he had no jurisdiction to dictate to the cemetery the depth of the graves. From reading his testimony, the instructions given to the claimant consisted of giving him the size of the outside box and the time when the work should be completed and informing him that the established price of $35 for opening the grave would be paid by the appellant. It appears that the supervision and control of the appellant were minimal but these factors do not have to be present in any great degree to establish an employer-employee relationship as it is stated in *Matter of Denman* v. *Many & Zanetti* (8 A D 2d 576, 577): "Lack of supervision and control is cited by appellants to support their point that claimant was an independent contractor, but there is some evidence of direction; and supervision can hardly be considered as an important element in the simple labor of plowing a field." (Or, digging a grave.) The court also said in the *Denman* case: "The board has found that claimant was an employee and not an independent contractor, and in view of the circumstances this was a finding of fact not subject to reversal as a matter of law. Even assuming that a different inference might be drawn the board has the power and the duty to make a choice where either of two conflicting inferences may be drawn." Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.