In the Matter of the Claim of WILLIAM SMALLWOOD, Respondent, v. MARKET HAULAGE, INC., et al., Appellants, and GRAND UNION COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 8, 1973.

*Philip J. Caputo* for appellants.

*Edward B. Willing* for William Smallwood, respondent.

*Robert Cherry* (*Daniel Powell* of counsel), for Grand Union Company and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

HERLIHY, P. J. These are appeals by the employer Market Haulage, Inc. and its insurance carrier from decisions of the Workmen's Compensation Board, filed October 30, 1970, February 8, 1972 and May 26, 1972.

Claimant was injured on July 20, 1966 while unloading a freight car at a warehouse operated by the Grand Union Company at Mt. Kisco, New York. He filed a claim for compensation on November 9, 1966 listing his employer as Grand Union, and alleging the injury occurred during this employment. Grand Union submitted an employer's report of accident dated October 5, 1966, wherein it described claimant's job as a temporary warehouseman, and reported that the accident occurred while claimant was unloading a freight car. After several hearings, the Referee, on or about April 20, 1967, found accident, notice and causal relationship, and made awards to claimant.

On October 3, 1968, Consolidated Mutual Insurance Company, the compensation carrier for Grand Union, alleged that Market Haulage, Inc. was responsible, in part, for the liability by reason of a general and special employment relationship. Thereafter, Market Haulage, Inc. and its carrier, General Fire and Insurance Company, were placed on notice for a hearing scheduled on May 8, 1969. From the record, it appears that Market Haulage was obligated to load Grand Union's products into tractor-trailers and deliver them to Grand Union's retail outlets.

Claimant was initially employed by Market Haulage to load the trailers at the Grand Union warehouse.

It is undisputed that claimant was injured while he was unloading a freight car for Grand Union on Grand Union's premises. It is also undisputed that Market Haulage was a trucking company, and its employees loaded products from a loading platform on its trucks for delivery to Grand Union stores. The bookkeeper for Market Haulage testified that its employees did not unload freight cars when working for Market Haulage.

The board found "that the claimant was jointly employed by both Market Haulage Company and the Grand Union Company ".

At the hearing before the board panel upon the appeal to it, the claimant testified that his foreman at Market Haulage would send him over to report to the Grand Union foreman for work when Market Haulage had no work. The record establishes that Market Haulage was the dominant and initial employer of the claimant at the warehouse premises. The offering of causal employment by Grand Union would appear to coincide with the contract requirement between the two employers that Market Haulage have available sufficient employees for transportation services at the Mt. Kisco site. The claimant also testified before the board panel that on one or two occasions he had been directed to return to work for Market Haulage after having commenced work for Grand Union.

The record contains evidence that claimant's actual employment by Grand Union was at the direction of his superior in his employment with Market Haulage. Upon that basis and upon the foregoing facts, it clearly appears that, while the claimant was at the employment premises of Mt. Kisco, he was under the simultaneous control of both employers as he had been shifted from one to the other during the course of a working day and that the furnishing of adequate employment opportunity to the claimant was mutually beneficial to both Grand Union and Market Haulage for the performance of the Market Haulage contract. While the record establishes that the dual employment is separate and distinct in terms of knowing at all times who the literal employer was, the record does sustain the inference that the employment opportunity at the Mt. Kisco site for the claimant was actually for the benefit of both employers.

The decisions should be affirmed, with one bill of costs to respondents filing briefs.

STALEY, JR., J. (dissenting). The board, by decision filed October 30, 1970, found "that the claimant was jointly employed by both Market Haulage Company and the Grand Union Company." The majority opinion holds that claimant was under simultaneous control of both employers, and that he had been shifted from one to the other during the course of a working day. The board made no findings of fact upon which to base a conclusion of simultaneous control, and there is further no evidence in the record to support such a conclusion.

The board did find that claimant performed similar duties for both Market Haulage and the Grand Union Company, averaging four days a week for the former, and one or two days a week for Grand Union. In addition, the board found that claimant "on the day of the accident, he was performing work

solely for the Grand Union Company. * * * That loading or unloading freight car duties were performed by Grand Union employees; and that the premises were the property of the Grand Union Company." Grand Union paid claimant directly for the work he performed for Grand Union. The accident happened on July 20, 1966 while he was unloading a freight car for Grand Union, and Grand Union paid compensation benefits for over two years before its carrier asserted that Market Haulage was jointly liable.

"Joint employment occurs when a single employee, under contract with two employers, and under the simultaneous control of both, simultaneously performs services for both employers, and when the service for each employer is the same as, or is closely related to, that for the other." (1A Larson, Workmen's Compensation Law, § 48.40.) The theory behind joint employment is that the employee is continuously serving both employers under the control of both.

It is undisputed that claimant was injured while he was unloading a freight car for Grand Union on Grand Union's premises. It is also undisputed that Market Haulage was a trucking company, and its employees loaded products from a loading platform on Market trucks for delivery to Grand Union stores. The bookkeeper for Market Haulage testified that its employees did not unload freight cars when working for Market Haulage.

The record herein does not support the determination of joint employment. There is no proof that claimant was under simultaneous control of both employers. On the day of the injury, claimant was working exclusively for Grand Union, was paid by Grand Union, and was under the exclusive control of the Grand Union foreman, and the services being performed were not the same as the services to be performed under the contract between Market Haulage and Grand Union.

There is, thus, no substantial evidence to support the determination of the board, and the decisions should be reversed.

COOKE and MAIN, JJ., concur with HERLIHY, P. J.; STALEY, JR., and REYNOLDS, JJ., dissent and vote to reverse in an opinion by STALEY, JR., J.

Decisions affirmed, with one bill of costs to respondents filing briefs.