■ In the Matter of the Claim of LATEEF ALLI, Respondent, v MANDEL SECURITY BUREAU, INC., et al., Respondents, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from an amended decision of the Workers' Compensation Board, filed March 19, 1981. Claimant worked as a security guard at the World Trade Center in New York City and was injured on the job when he fell down an elevator shaft. The board ultimately held that responsibility for claimant's workers' compensation award was to be shared equally by Mandel Security Bureau, Inc., which was found to be claimant's general employer, and the Port Authority of New York and New Jersey, which was found to be claimant's special employer. This appeal by the Port Authority ensued. We do not agree with the Port Authority's contention that there was not substantial evidence to support the board's finding of a special employment relationship between claimant and the Port Authority. In determining whether a special employment relationship exists, many factors may be considered and ordinarily no one of them will be decisive (*Braxton v Mendelson,* 233 NY 122, 124). As happens so often in the area of administrative law, the determination of whether a particular set of circumstances constitutes a special employment relationship has been held to be a question of fact (*Matter of Goodman v Stone & Webster Eng. Corp.,* 11 AD2d 558; *Bird v New York State Thruway Auth.,* 8 AD2d 495) and, as such, the board's determination on this issue must be upheld if supported by substantial evidence in the record as a whole. Testimony in the instant case supports the board's finding that the Port Authority of New York and New Jersey, which was the landlord of the World Trade Center, exercised sufficient control and direction over the placement, dress and use of security guards hired by Mandel Security to establish a special employment relationship with claimant. The board's decision should, accordingly, be

affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.