■ In the Matter of the Claim of LILLIAN ABRAMSON, Respondent, v LONG BEACH MEMORIAL HOSPITAL et al., Appellants, and UNINSURED EMPLOYERS FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 17, 1983, which held that claimant was the general employee of Nassau Registry, Inc., and the special employee of Long Beach Memorial Hospital when she sustained accidental injuries during the course of her employment. ¶ Claimant, a nursing assistant, entered into a contract with Nassau Registry, Inc. (the Registry), an employment agency, to serve patients on shifts of 8, 10 or 12 hours. In November, 1978, the Registry assigned claimant to attend Tilly Katz, a Long Beach Memorial Hospital patient, as a companion. The hospital had referred Katz's daughter to the Registry. On November 24, 1978, while removing soiled bed linen after having changed Katz, claimant slipped on the wet hospital floor and sustained disabling injuries to her lower back. The Worker's Compensation Board ultimately found that the Registry was claimant's general employer and the hospital her special employer; all awards were apportioned equally between the Registry and the hospital. Both the Registry and the hospital have appealed the board's decision. ¶ The determination of the board is supported by substantial evidence and should be affirmed. "The issue of whether an employer-employee relationship exists is a factual one. Principal factors to be considered are the right to control, the method of payment, who furnishes the equipment, the right to discharge and the so-called 'relative nature of the work' test * * * While no single factor is controlling and the result can turn on the basis of any one or a combination of the factors * * * the ultimate determination is one of fact and, if conflicting inferences may be drawn from the evidence before the board, then the finding of the board must prevail" (*Matter of Hopkins v Players' Three,* 99 AD2d 912, 913 [citations omitted]; see, also, *Matter of Alli v Mandel Security Bur.,* 86 AD2d 911; *Matter of Goodman v Stone & Webster Eng. Corp.,* 11 AD2d 558). ¶ Evidence, as here, of the employer profiting on a claimant's work and wages is a significant factor in determining the relationship to be one of general employment. It is undisputed that the Registry received 10% of the wages

earned by claimant as Katz's companion. The Registry also determined when, where and for whom claimant could work based on the Registry's evaluation of claimant's suitability, claimant also needed the Registry's approval to voluntarily leave her assigned employment. She was paid on a time basis rather than a lump-sum basis. These factors are consistent with a finding of employment and inconsistent with an independent contractor relationship. ¶ The board's finding that the hospital specially employed claimant is supported by the hospital's right to control her activities, the performance by claimant of work integral and beneficial to the hospital, and the hospital's right to discharge claimant. Proof of the right to control is sufficient and the actual exercise of the right does not have to be present in any degree to establish an employer-employee relationship (*Matter of Piester v Traver,* 24 AD2d 688, 689; see, also, *Matter of Goodman v Stone & Webster Eng. Corp., supra*). The fact that the hospital prescribed claimant's dress and regulated her movements from the time she entered its doors further supports the board's determination that the hospital was claimant's special employer. The record indicates that the general employer admittedly had no right to control claimant's performance of her duties while she worked at the hospital and that claimant knew she was subject to the hospital's exclusive control as Katz's companion. This demonstrates that there was a transfer of control sufficient to sustain a finding of special employment (see *Murray v Union Ry. Co.,* 229 NY 110; *Galligan v St. Vincent's Hosp.,* 28 AD2d 592). ¶ We have considered the other arguments raised and find them to be unpersuasive. ¶ Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.