■ In the Matter of the Claim of MICHAEL VINCIGUERRA, Respondent, v CARVEL CORPORATION et al., Appellants, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.— Main, J. Appeal from a decision of the Workers' Compensation Board, filed November 8, 1985.

At issue in this claim is whether the Workers' Compensation Board properly found claimant to be a special employee of Carvel Corporation (Carvel). The record reveals that claimant was scheduled to begin employment at a Carvel store owned by Lee Ptasienski on July 12, 1980, apparently having previously worked at the same store. He arrived early in order to become familiar with the store operations. Upon his arrival, another employee told him that she was supposed to deliver a cake apparently ordered through Carvel's Call-a-Cake Enterprise (Call-a-Cake) but did not have time to make the delivery, and asked him to deliver the cake. He agreed, and it was during the trip to deliver the cake that claimant was involved in an accident, suffering injuries.

It is Carvel's position that claimant should not be considered its special employee since Call-a-Cake simply specifies the delivery of a cake to a particular address and has no control over the details of completing the delivery. We disagree. The issue of whether a person is a special employee is a factual one, and if the Board's determination is supported by substantial evidence, it must be upheld (see, Matter of Alli v Mandel Sec. Bur., 86 AD2d 911). Factors to be considered in making

this determination include the right to control, the method of payment, the furnishing of equipment, the right to discharge and the "relative nature of the work" *(Matter of Abramson v Long Beach Mem. Hosp.,* 103 AD2d 866). No factor is controlling, and the Board's decision may be based on one or more of the factors *(supra).* Here, evidence presented to the Board established that Call-a-Cake, not the franchise owner, was responsible for payment of the costs of the cake delivered. Moreover, the nature of the Call-a-Cake work demonstrates that claimant is properly considered a special employee. Apparently Call-a-Cake would call a Carvel franchise, ask the franchise to deliver a cake to an address, and then pay the franchise. Delivery is an essential element of the business. The record thus contains substantial evidence to support the Board's conclusion that claimant was a special employee of Carvel, and the Board's determination must be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.