■ JAMES E. GURGA, Respondent, v CARVILLE LEATHER COMPANY, INC., Appellant.—Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (White, J.), entered February 3, 1988 in Fulton County, which denied defendant's motion for summary judgment dismissing the complaint.

At issue is whether defendant has proven that plaintiff is barred by Workers' Compensation Law § 11 from recovering for personal injuries he suffered in September 1984 while working at defendant's premises. While plaintiff claims to have been solely employed by National Leather Corporation (hereinafter National) when he was injured, defendant asserts that it and National were operating as a joint venture at the time, thus making plaintiff a joint employee of both National and defendant (see, Matter of Smallwood v Market Haulage, 42 AD2d 455, affd 35 NY2d 810).

Defendant maintains that in 1983 the two corporations undertook to merge but, because of a prolonged strike, did not actually do so until September 1985. Defendant submitted various exhibits to show that in the meantime the two enterprises operated as a joint venture, including invoices bearing both business names at the top, a collective bargaining agreement listing both National and defendant as employers, an insurance policy face sheet covering both entities, a guarantee by National of a real estate mortgage extended by a local bank to defendant, a joint financial statement for National and defendant for the fiscal years 1983 and 1984, and the notice of decision of the Workers' Compensation Board identifying "National and/or [defendant]" as plaintiff's employer. In response, plaintiff submitted testimony from an officer of defendant's successor in interest that National paid rent to defendant for a building and that defendant had no payroll. Additionally, plaintiff produced the employer's report of injury to the Workers' Compensation Board wherein National repre-

sented that it is plaintiff's employer. We agree with Supreme Court that on this record the issue of whether plaintiff was an employee of defendant presents a material triable issue of fact.

Viewing the evidence, as we must, most favorably to plaintiff *(see, Bershaw v Altman,* 100 AD2d 642, 643), it is at least arguable that when the injury was sustained plaintiff was not then employed by defendant. Surely a guarantee by National of defendant's debts would have little meaning if the two companies were indeed one enterprise. Furthermore, the financial statement submitted sets out National's and defendant's assets separately, and the payment of rent by National to defendant bespeaks a relationship other than that of a joint venture *(cf., Fallone v Misericordia Hosp.,* 23 AD2d 222, 225, *affd* 17 NY2d 648).

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.