■ JOSEPH P. WILLIAMS, Respondent, v WILLIAM FORBES et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. DAVID ROWE et al., Third-Party Defendants.—In a negligence action to recover damages for personal injuries, the defendants William Forbes and William Forbes Construction Corp. appeal from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated July 12, 1989, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was hired by third-party defendant David Rowe to work on a construction project on which the defendant William Forbes was the general contractor. While working on the project, the plaintiff sustained extensive injuries when he fell from a ladder supplied by Forbes. The plaintiff recovered workers' compensation benefits from Rowe's insurance carrier, and brought this action against Forbes alleging that the ladder from which he fell was defective. Forbes moved for summary judgment, arguing that the plaintiff's sole remedy was the recovery of workers' compensation benefits because Forbes and Rowe were involved in a joint venture on the construction project.

We agree with the court that issues of fact exist concerning whether Forbes and Rowe were involved in a joint venture. A joint venture is " 'an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge' " *(Fallone v Misericordia Hosp.,* 23 AD2d 222, 225, *affd* 17 NY2d 648, quoting from *Forman v Lumm,* 214 App Div 579, 583). Indispensable to the creation of a joint venture is a sharing in the profits and losses of the business *(see, Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317; *Poppenberg v Reliable Maintenance Corp.,* 89 AD2d 791, 792). The defendant has the burden of establishing the defense of workers' compensation by a preponderance of the credible evidence *(see, Buchner v Pines Hotel,* 87 AD2d 691, *affd* 58 NY2d 1019). Although Forbes presented evidence tending to show that a joint venture existed, there were also facts which conflicted with this conclusion. For example, the plaintiff was paid by Rowe out of Rowe's business account. Forbes and Rowe also maintained separate workers' compensation policies and financial records, and all payments by the homeowner were made to Forbes individually. Additionally, Forbes was named on the building permit, and was, in fact, the only licensed contractor of the two. Thus, Forbes has failed to establish, as a matter of law, that a joint venture existed between him and Rowe. This is an issue of fact for the triers of fact to determine. Similarly, the issue of whether a special employment relationship existed between the plaintiff and Forbes is a factual one to be determined by the triers of fact *(see, Matter of Abramson v Long Beach Mem. Hosp.,* 103 AD2d 866; *Brown v Micheletti,* 97 AD2d 529). Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.