■ ERIC ROTHENBERG et al., Appellants, v ERIE METAL STAMPING Co., INC., Respondent. [612 NYS2d 149] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered October 7, 1993, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint, reversed, insofar as appealed from, on the law, defendant's motion denied, and summary judgment granted to plaintiffs dismissing the defense that their action is barred by the Workers' Compensation Law, without costs.

Plaintiff Eric Rothenberg is the president and a major shareholder of Dura-Ware Company of America ("Dura-Ware"), a cookware manufacturer and distributor, which owns 50% of the stock of defendant Erie Metal Stamping Co. ("Erie"), a Pennsylvania corporation which manufactures pots and pans exclusively for Dura-Ware. Plaintiff is also a member of Erie's board of directors.

On May 9, 1989, plaintiff made a visit to Erie's manufacturing plant in Erie, Pennsylvania. Plaintiff was in the habit of making such visits approximately every three weeks to, in his own words, "check on the investment" held by Dura-Ware. While on the floor of the manufacturing area, plaintiff noticed that a pot had become stuck in one of the machines and, in attempting to help an Erie employee dislodge it, plaintiff was injured.

Plaintiff received workers' compensation benefits from Dura-Ware and commenced this negligence action against Erie. The only issue on this appeal is whether plaintiff was barred by the Workers' Compensation Law from commencing suit against Erie. The IAS Court, finding, as a matter of law, that plaintiff was a "special employee" of Erie at the time of the accident, held that the action was barred and granted defendant summary judgment dismissing the complaint.

We find that plaintiff was not an employee of Erie and therefore reverse. Since we agree that there are no questions of fact, we find that summary judgment should be granted to plaintiff on this issue *(see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557-558).

A special employee is "one who is transferred for a limited time of whatever duration to the service of another" *(Thompson v Grumman Aerospace Corp., supra,* at 557). Where, as here, the employee receives workers' compensation benefits from his general employer, the special employer is shielded from any action at law by the employee *(see, Richiusa v Kahn Lbr. & Millwork Co.,* 148 AD2d 690, 692).

Although no single factor is dispositive in determining whether a special employment relationship exists, a number of factors are weighed, including, but not limited to, the right to and degree of supervision and control by the alleged employer over the manner, details and ultimate result of the work of the special employee *(Thompson v Grumman Aerospace Corp., supra,* at 558; *Lesanti v Harmac Indus.,* 175 AD2d 664; *Cameli v Pace Univ.,* 131 AD2d 419), the method of payment, the right to discharge, the furnishing of equipment, and the nature and purpose of the work *(Matter of Vinciguerra v Carvel Corp.,* 127 AD2d 915).

Of these factors the most important is the degree of control the alleged special employer has over the work of the employee *(Cameli v Pace Univ., supra).* In this case, however, the IAS Court discounted this factor, as plaintiff's status as an executive meant that his employer would have no direct control over his work. We agree that the nature of plaintiff's alleged special employment status as a senior executive requires a somewhat different analysis than that of a laborer. However, the essential nature of the inquiry is the same, and, in this case, turns on the question of whether plaintiff was acting under the authority of the Erie board of directors, as an Erie executive, with a supervisory capacity as to Erie's employees. We conclude that he was not. There was no evidence indicating that when plaintiff came to make his regular tours of the plant, he had any right to issue directives to Erie's employees or to supervise their work. Rather, the evidence shows that plaintiff was at Erie on behalf of a major shareholder, his employer Dura-Ware, in order to inspect Dura-Ware's investment. While, in addition to his representation of Dura-Ware, plaintiff was also a member of Erie's board of directors, this, on its own, does not mean that he was an employee of Erie for purposes of workers' compensation *(see, Matter of Nallan v Motion Picture Studio Mechanics Union, Local No. 52,* 40 NY2d 1042).

Thus, the undisputed facts demonstrate that, during his tour of the plant, plaintiff was not at Erie as an employee, but as a representative of a major shareholder, i.e., Dura-Ware,

and as a member of the board. Nor did he become an employee by the fact that he volunteered to help an employee with a troublesome machine. The fact that plaintiff happened by the manufacturing floor when the pot was stuck and decided, on the spur of the moment, to spend a few minutes helping to remove it, does not transform him into a fellow worker.

Nor do we find merit in defendant's alternative argument that plaintiff is precluded from commencing an action against it by the Workers' Compensation Law because plaintiff was an employee of a joint venture between Dura-Ware and Erie. Defendant has failed to establish sufficient evidence of the pooling of " 'property, money, effects, skill and knowledge' " *(Fallone v Misericordia Hosp.,* 23 AD2d 222, 225, *affd* 17 NY2d 648, quoting *Forman v Lumm,* 214 App Div 579, 583) or sharing of profits and losses *(Williams v Forbes,* 175 AD2d 125, 126) so as to establish the existence of a joint venture. Concur —Rosenberger, J. P., Ellerin, Ross and Rubin, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Greenfield, J.