■ DENNIS GRANIERI et al., Respondents, v 500 FIFTH AVENUE ASSOCIATES et al., Appellants. [637 NYS2d 74] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered July 5, 1995, which granted plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied defendant 500 Fifth Avenue Associates' cross motion for leave to amend the answer to include the affirmative defense of Workers' Compensation as an exclusive remedy, thereupon for summary judgment dismissing the complaint, and to renew with respect to a prior order striking the third affirmative defense of culpable conduct, unanimously affirmed, without costs.

The IAS Court properly denied defendant's cross motion as the uncontroverted documents and testimony refuted its claim that plaintiff was its special employee and was thus restricted to Workers' Compensation as his exclusive remedy (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558). The evidence revealed that control and supervision over plaintiff was exercised by Newmark Real Estate, Inc., defendant's managing agent and not by defendant (*see, Wawrzonek v Central Hudson Gas & Elec. Corp.*, 276 NY 412, 419), and that plaintiff was engaged in Newmark's business at the time of his accident (*see, Braxton v Mendelson*, 233 NY 122, 124).

Labor Law § 240 (1) imposes absolute liability upon defendant 500 Fifth Avenue Associates as owner of the premises for injuries sustained resulting from failure to provide proper equipment (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513). As proof of the unsafe condition of the ladder was submitted, plaintiff's possible culpable conduct based on alleged improper placement of the ladder would not defeat the claim (*Bland v Manocherian*, 66 NY2d 452). Nor did the court err in refusing to reinstate the third affirmative defense, particularly inasmuch as the verification of the bill of particulars was not served for two years. Concur—Ellerin, J. P., Kupferman, Ross, Williams and Tom, JJ.