◼ GASPER GONZALEZ et al., Respondents, v JOHN B. LOVETT ASSOC., LTD., Appellant. [644 NYS2d 249]

Plaintiff was injured on premises owned by Le Havre Owners Corp., for which injuries he received Workers' Compensation benefits. He then sued defendant, the managing agent of the premises. The motion court properly rejected the Workers' Compensation defense of defendant as purported special

employer of plaintiff. Although the issue of whether an individual is a special employee is generally a question of fact, where, as here, the particular, undisputed critical facts present no triable issue of fact, a determination as to such employment status may be made as a matter of law (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553). While defendant contends that its contract with the owner of the premises demonstrates that it was responsible for the hiring and firing of employees and thus that plaintiff was its special employee or coemployee, the agreement, as well as the affidavit from defendant's general manager, indicates that defendant's authority was conditioned on the approval of the owner of the premises. Moreover, agreements such as this one, which do not define or resolve the issue of plaintiff's purported special employment status and to which plaintiff was not a party, are not determinative of the issue (*supra*). Since defendant failed to demonstrate that plaintiff had been transferred by his employer for a limited time to the service of defendant or that the employer surrendered control over its employee, defendant failed to establish that plaintiff was its special employee (*see, Granieri v 500 Fifth Ave. Assocs.*, 223 AD2d 450; *Rothenberg v Erie Metal Stamping Co.*, 204 AD2d 249, *lv dismissed* 84 NY2d 1026; *cf., Thompson v Grumman Aerospace Corp., supra; Matter of Shoemaker v Manpower Inc.*, 223 AD2d 787). *Seudath v Mott* (202 AD2d 658, *lv dismissed* 85 NY2d 890) is not to the contrary especially in view of the close family relationship between the parties existing in this case. We note the argument that plaintiff was defendant's coemployee is raised improperly for the first time on appeal (*see, Szigyarto v Szigyarto*, 64 NY2d 275, 280), and that, in any event, defendant failed to establish facts supporting the present claim. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.