■ RCR BUILDERS, INC., Appellant, v BATEX CONTRACTING CORP. et al., Respondents. [646 NYS2d 713] —In an action, *inter alia,* for a judgment declaring the validity of certain mechanic's liens, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bernstein, J.), entered June 8, 1995, as determined that the plaintiff and the defendant Batex Contracting Corp. were joint venturers and vacated the mechanic's liens.

Ordered that the order is reversed insofar as appealed from, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the matter is remitted to the Supreme Court, Kings County, for a trial in accordance

herewith on the issue of the joint venture status of the parties, and the mechanic's liens are reinstated in the interim.

Generally, the issue of the existence of a joint venture presents a question of fact for the trier of fact to determine *(Olson v Smithtown Med. Specialists,* 197 AD2d 564, 565; *Williams v Forbes,* 175 AD2d 125). Despite the defendants' prima facie showing that a joint venture existed, there were also facts which conflicted with this conclusion. The defendant Batex Contracting Corp. (hereinafter Batex) contracted with public agencies for construction projects, yet specifically omitted the plaintiff's name as a joint venturer in the space allotted on these contracts. Batex held out the plaintiff as an employee, maintained separate insurance, and issued paychecks to the plaintiff. Moreover, Batex admitted that from the perspective of the owners of the public projects, had there been a problem on the projects originally awarded to Batex, the owners would have turned to Batex, alone, to be made whole. Such an admission would appear to contradict Batex's contention that a joint venture existed.

Thus, there appears to be a triable issue of fact which precluded the Supreme Court from determining that, as a matter of law, there existed a joint venture *(Williams v Forbes, supra).*

Since the Supreme Court predicated its vacatur of the mechanic's liens in question on the theory that the plaintiff, as a joint venturer, did not fall within the category of persons delineated in Lien Law §§ 3 and 5 who may file a mechanic's lien, the court improperly vacated the mechanic's liens. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.