In the Matter of the Claim of PETER LADUKE, Respondent, against JOHN D. MARTIN, Employer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 5, 1941.

*F. Claude O'Connell,* for the appellant.

*John J. Bennett, Jr., Attorney-General [John F. Loehr, Assistant Attorney-General,* of counsel], for the respondents.

BLISS, J.  Both the claimant and his employer are agreed that he was a farm laborer and all the evidence in this record sustains this fact.  The employee's claim for compensation states that his regular occupation was " farm work " and the nature of the employer's business was a " farm." The employer's first report of injury gives the nature of his business as " farm " and the place where the accident occurred as " barn " and also states that the claimant was employed as a " farmhand." The employer was a farmer and uninsured.  The claimant himself testified that his employer's business was that of a farmer and carrying milk in the city; that he had no retail store and pasteurized his own milk and sold it and that he also bought some milk from other farmers which was pasteurized and sold.  Claimant swore that he hired out to do farm work and that he did the general work of a farm laborer.  This included whatever work there was to be done on the farm, driving a tractor some and driving horses and trucks, and he also on occasion helped to rebuild a barn which had burned. He said that at the time of the accident he was carrying a bushel basket of ensilage for feeding the cows.  His employer had cows

numbering " in the sixties " and the claimant himself " didn't work in the pasteurizing room." He also testified that he did not understand the operation of a pasteurizing plant and in answer to the question whether he ever worked in the pasteurizing plant he replied " no, not to speak of." He said that he had nothing to do with the pasteurizing plant but that if they happened to be short there, he helped to " dump " the milk.

Upon this set of undisputed facts the Industrial Board has found that the employer's business was the operation of a pasteurizing plant and the employee was engaged in preparation of food stuffs, a hazardous employment within section 3, subdivision 1, group 8, of the Workmen's Compensation Law and has made this award for disability compensation.

Section 3 of the Workmen's Compensation Law provides that compensation shall be payable for injuries or death incurred " by employees " in certain named employments, one of which is the preparation of foodstuffs. Section 2 of the statute, so far as here applicable, defines an employee as a person engaged in one of the occupations enumerated in section 3 " and shall not include farm laborers." This exception of farm laborers from inclusion in the term " employee " places a very definite limitation upon section 3. It was the clear legislative purpose that farm laborers should not be included within the operation of the Workmen's Compensation Law and this purpose should not be whittled away by strained construction or false findings. When a man is working as a farm laborer he does not come within the act. The Legislature has so decreed and this must be accepted by the Industrial Board and the courts.

The pasteurization of milk is now carried on by many dairy farmers on their own farms as a part of the preparation of their milk for market. When thus performed it is an ordinary farm operation. Here was a farmer with a large herd of cattle producing, pasteurizing and selling his own milk and this claimant was injured while performing one of the usual and ordinary farm duties, namely, carrying a basket of ensilage to feed the cows. Only by an unwarranted construction of the statute and a clear disregard of the facts can it be said that this claimant was not what he himself said he was, *i. e.*, a farm laborer and that he was not within the very plain and definite statutory provision that an employee " shall not include farm laborers."

The award should be reversed and the claim dismissed.

HILL, P. J., CRAPSER and FOSTER, JJ., concur; HEFFERNAN, J., dissents.

Award reversed and claim dismissed, with costs against the State Industrial Board.