In the Matter of the Claim of FRANK PESTLIN, Respondent, against HAXTON CANNING COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 7, 1948.

*Harris, Beach, Keating, Wilcox & Dale* for Haxton Canning Company, Inc., appellant.

*Tucker & Bisselle* for appellants.

*Stedman, Waterman & Garnier* for claimant-respondent.

*Nathaniel L. Goldstein Attorney-General* (*Roy Wiedersum* and *Daniel Polansky, Assistant Attorneys-General* of counsel), for Workmen's Compensation Board, respondent.

DEYO, J. Appeals by an employer and its insurance carrier from decisions and awards of the Workmen's Compensation Board dated May 29, 1947, whereby claimant was allowed 100% loss of use of his right arm, as the result of accidental injuries sustained October 20, 1945, and double compensation against the employer upon the ground that claimant, a minor, was illegally employed in violation of section 131 of the Labor Law.

The claimant, then sixteen years old, was a day laborer, assisting a neighboring farmer, one Buford Totten, in harvesting a crop of beets. He was operating a tractor which furnished the power for a beet topping machine. While assisting in placing the beets in the topper, his arm became entangled in the power takeoff, causing injuries which necessitated its amputation. At the time of the accident, no employment certificate had been secured as required for children between sixteen and eighteen years of age, by section 131 of the Labor Law which, pursuant to section 14-a of the Workmen's Compensation Law, doubles the compensation benefits as against the employer alone,

Totten had leased the farm, which was primarily a dairy farm, from the appellant, Haxton Canning Company, Inc., hereafter referred to as " Haxton," on shares, and had agreed " To pay as rental for said farm one-half of all receipts for all produce grown on said farm, the term ' produce ' shall include all crops, livestock, and livestock products." Totten was required to furnish the horses, farm machinery and one half the livestock. The expenses of farm operation other than those specifically mentioned in the lease, were to be shared equally. Full time labor expense was to be allocated on a percentage basis according to the amount of the monthly milk check, and day labor costs necessitated by the production and harvesting of intensive crops were to be divided equally.

The beets which were being harvested at the time of the accident were the subject of a separate oral agreement between the parties, whereby Totten had agreed to plant, cultivate, sell and deliver to Haxton, ten acres of beets at an agreed price per ton, dependent on size, using seed purchased from Haxton. Under this agreement Totten was required to clean and top the beets and to bear the risk of loss from disease or frost. Although not required to do so by the lease or the agreement, the topping machine and crates which were in use on the day the accident occurred, belonged to Haxton, which had also sent several prisoners of war, for whose labor it had contracted with the government, to aid Totten in the harvesting of the beets. One half of the cost of their labor was charged back against Totten, pursuant to the lease. Neither they nor Totten's employees, including the claimant, were carried on Haxton's compensation insurance audit.

On the basis of the established facts, the findings and decision of the Workmen's Compensation Board that claimant was an employee of Haxton, doing work incidental to its canning operations and was not a farm laborer, cannot be sustained.

Claimant was a complete stranger to Haxton. He was hired by Totten, who exercised direction and control over his activities and retained the authority to discharge. Haxton had no knowledge of the hiring until after the event, and exercised none of the rights and powers with regard to claimant which are generally recognized as establishing an employer-employee relationship. (*Sweet* v. *Board of Education*, 290 N. Y. 73.) It is true that Haxton ultimately bore one half the expense of claimant's wages, but that was merely an incident of the lease of the farm and one of the factors of the agreed formula

whereby the amount of rent to be paid was arrived at. Neither the lease nor the agreement established any agency relationship between Haxton and Totten, at least so far as the employment of this claimant was concerned. What help Totten hired or whether he hired any, was his sole concern. The testimony and documentary proof establishes that the parties had elected to treat their relationship as one of landlord and tenant. Such relationship does not constitute a joint venture or a partnership. (*Harrison* v. *McClellan,* 137 App. Div. 508, 511.) The agreement relative to the beets did not change the situation. This was merely a contract of purchase and sale whereby Totten agreed to deliver to Haxton ten acres of beets. The risk of loss, even as to productiveness of the seeds purchased from Haxton, was upon Totten throughout. Had the crop been a failure, or had Haxton been unable to utilize it, Totten would have been the loser, subject only to such loss as Haxton might experience under the lease. Pursuant to the agreement, Totten was required to top and clean the beets before he delivered them to Haxton. This operation was, therefore, Totten's responsibility, just as much as any other operation connected with the growing and harvesting of the beets. The fact that Haxton did procure some day labor (not this claimant) to assist Totten, is beside the point.

Inasmuch as claimant was at no time an employee of Haxton, an award against the company and its carrier cannot be justified and the matter might well be disposed of on that ground alone. However, there are additional reasons why the awards must be reversed. Even if it had been established that claimant was in some way an employee of Haxton, he was employed solely as a farm laborer, which employment the Legislature has seen fit to exclude from the operation of the Workmen's Compensation Law. (Workmen's Compensation Law, § 2, subd. 4.) This clear and definite legislative purpose must not be " whittled away by strained construction or false findings." (*Matter of Laduke* v. *Martin,* 261 App. Div. 344, 345, affd. 287 N. Y. 546.) The fact that claimant was a temporary day laborer employed for this particular job is of no significance. The exception still applies. (*Coleman* v. *Bartholomew,* 175 App. Div. 122, 124.) To be sure, claimant was assisting in the harvesting of a crop which had been sold to Haxton's cannery, but his work was no more incidental to " canning " than was the planting, cultivating or digging of the beets. He was no more an employee of Haxton than he would have been the employee

of the Dairymen's League had he been injured while aiding in the production of milk to be sold to the League on contract.

Claimant was not employed to work in a canning plant and never did work there. He was employed exclusively as a farm laborer. The fact that Haxton also operated a hazardous employment which may have been his major business interest, is immaterial, inasmuch as claimant did no work there. (*Matter of Davis* v. *Ryan,* 262 App. Div. 982, affd. 287 N. Y. 778.)

It is suggested that because Haxton caused notices to be posted at the farm, pursuant to section 51 of the Workmen's Compensation Law, he and his carrier are thereby estopped from denying liability. It is clearly established by the evidence, however, that such notices were intended to apply to certain maintenance employees furnished by Haxton in accordance with the lease, and had nothing to do with this claimant or his employment. Furthermore, since neither Haxton nor Totten did in fact procure insurance to cover this claimant, and did not intend to do so, there was no election to include farm labor pursuant to section 3, subdivision 1, group 19, of the Workmen's Compensation Law. (*Warney* v. *Board of Education,* 290 N. Y. 329, 335.)

For the reasons already given, the additional award made against Haxton alone for an alleged violation of section 131 of the Labor Law, must also be reversed. That section requires an employment certificate for children between sixteen and eighteen years of age, employed in factories and the like, but specifically exempts such children " engaged in work on a farm ". Clearly, the claimant here was working on a farm, and hence, no certificate was necessary. (*Matter of DeWeaver* v. *Jackson & Perkins Co.,* 271 App. Div. 119, affd. 297 N. Y. 650.)

The decisions appealed from should be reversed and the awards annulled, with costs to each appellant against the respondent Workmen's Compensation Board.

BREWSTER and FOSTER, JJ. concur; HILL, P. J., and HEFFERNAN, J., dissent and vote to affirm.

Decisions reversed, on the law, and awards annulled, with costs to each appellant against the respondent, Workmen's Compensation Board.