In the Matter of the Claim of FREDERICK M. WATERBURY, Respondent, against DIEGES & CLUST et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier have appealed from a decision and award of the Workmen's Compensation Board reimbursing claimant for medical and transportation expenses. Claimant worked as a salesman on a commission basis for the employer since 1932. He was considered an employee until September 30, 1950, the employer making social security and income tax deductions on his account. On that date it was arranged that desk space in the employer's office would no longer be supplied him. His belongings were removed from the office. His commissions were increased from 10% to 15% and computed on a different basis. Deductions for social security and income tax were discontinued. He was still paid a commission on business he brought into the company " even though not handling the details ". Employer disclaims supervision over claimant after September 30, 1950, asserting him to have become an independent contractor. Claimant testified that the employer knew that he still used the company stationery and signed the employer's name with his own to his letters. He represented no other company and sold goods directly for the employer, for which he received commissions. He continued to have secretarial services in the company office when necessary and his business mail was received there. Payments for goods sold by him were made to the employer. After his accident, the employer filed a claim for him for payments under the Disability Benefits Law. Claimant had received a letter from an officer of the National Guard relating to a new military medal. When injured, he was on his way to the office with this letter for the purpose of conferring as to design and estimate of cost. Claimant's status as an employee or independent contractor is a question of fact. The evidence in the record and the inferences reasonably to be drawn therefrom sufficiently support the finding that he was an employee. (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652, 654.) Claimant was eighty-

three years of age. The sidewalk fall sustained by him has been found to be a contributory factor in producing a cardiac decompensation from which he suffered thereafter. There is affirmative medical testimony establishing the causal relationship. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.