In the Matter of the Claim of CLIFFORD GREEN, Respondent, *v.* W. O. NANNEN & SONS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 19, 1963.

*Morris N. Lissauer* and *Joseph M. Soviero* for appellants.

*Louis J. Lefkowitz, Attorney-General (David Belson, Daniel Polansky* and *Henriette Frieder* of counsel), for Workmen's Compensation Board, respondent.

*Edward M. Horey* for claimant-respondent.

GIBSON, J.  Claimant, a logger, was injured when struck by a tree on a farm owned by one Barnes who had a contract with Hogan whereby Hogan was to buy timber on Barnes' land. Hogan had an agreement, also, with appellant Nannen, who has been held to be the employer, whereby Nannen purchased timber from Hogan after it had been cut and measured and after Hogan had transported it to the roadside, where Nannen picked it up.

Hogan furnished all the tools and equipment and claimant was paid and directed by Hogan and by no other person.  The board found Nannen to be the employer, however, apparently on the basis of claimant's and Hogan's testimony that Nannen had agreed to furnish compensation insurance coverage of Hogan's employees, and on the fact that for each payment becoming due Hogan, Nannen gave Hogan two checks, each payable to Hogan's order, one for the amount then due Barnes from Hogan, which check Hogan would in each instance indorse over to Barnes, and the other check for the difference between that amount and the payment then due under the Hogan-Nannen contract.

In a case furnishing a markedly stronger basis for a finding of employment status than the one before us, and which seems to us dispositive of this issue, this court found that a mere purchaser or consumer did not become an employer even though he ultimately bore one half the expense of claimant's wages. (*Matter of Pestlin* v. *Haxton Canning Co.*, 274 App. Div. 144, affd. 299 N. Y. 477; the affirmance being upon another ground, rendering the issue of employment status immaterial.)

There remains, then, as the sole basis of the board's decision the supposed agreement, which the board refers to as having been testified to but does not specifically find.  Whatever contractual rights such an agreement may create, the right to a determination of employment status is not one of them.  An agreement for coverage, or, indeed, actual coverage may be given " evidentiary effect " with respect to, but will not be conclusive upon the issue of employer-employee status.  (*Matter of Williams* v. *Solomon*, 13 A D 2d 159, 161; *Matter of Donoghue* v. *De Carolis*, 15 A D 2d 602.)  It is true that in the cases cited, the board had found against the employment status claimed and that coverage, or an agreement therefor, was urged as mandating reversal; but certainly such an agreement may not create employment status where none would otherwise exist. In this case, therefore, evidence of an agreement to furnish coverage may not, standing alone, be accounted substantial evidence of an employer-employee relationship when the exist-

ence of that relationship is completely negated by every one of the conventional tests thereof known to the law.

The decision should be reversed and the case remitted, with costs to appellants against the Workmen's Compensation Board.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision reversed and case remitted, with costs to appellants against the Workmen's Compensation Board.