■    In the Matter of the Claim of RAYMOND WHEELER, Respondent, v. VICTOR KAYFETZ PRODUCTIONS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. The sole issue is employment. The claimant severed a portion of one finger on a power saw while making cabinet covers for appellant in the basement of claimant's house. Claimant's regular job was as a photoengraver. He was hired to make cabinet covers for the foot lockers on a camera boat of the appellant employer in his spare time for $125. Claimant purchased the materials and did the work in his home with the exception of the preliminary measurements and the installation. No deductions were taken from his pay for social security or income tax. There was evidence that the appellant's president directed the design and specifications of the work, the type of materials to be used and the means of installation of the covers. The board found as a question of fact that claimant was an employee and not an independent contractor and since this decision, based upon conflicting inferences, is supported by substantial evidence, we affirm. The fact that claimant used his own tools (cf. *Matter of Denman* v. *Many & Zanetti*, 8 A D 2d 576, affd. 8 N Y 2d 799); that there was relatively little supervision because of claimant's expertise with part of the work being performed in his own home (cf. *Matter of Dugo* v. *Sheet Metal Mfg. Co.*, 31 A D 2d 689); the fact of lump-sum payment (cf. *Matter of Klein* v. *Sunrise Bldg Co.*, 7 A D 2d 805, mot. for lv. to app. den. 5 N Y 2d 711); or the fact that no social security or tax payments were withheld (cf. *Matter of Waterbury* v. *Dieges & Clust*, 284 App. Div. 912) is not determinative. The board properly found on the evidence that the employer retained the ultimate right to control the details of the work so that an employer-employee relationship resulted here. (Cf. *Matter of Grigoli* v. *Nito*, 11 A D 2d 581; 1A Larson, Workmen's Compensation Law, § 44, p. 640.) Decision affirmed, with cost to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.