■ In the Matter of ROY REICHENBACH, Respondent, v. MYRTLE FLOOR COVERING, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals by the alleged employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed August 9, 1972, as supplemented by a decision filed February 16, 1973, which determined that there was an employer-employee relationship between the alleged employer and the claimant herein. The claimant injured his back while installing carpet for the alleged employer on May 3, 1971. Thereafter, he filed this claim for compensation benefits, and both a referee after a hearing and the board determined that he was entitled to an award. The sole issue to be decided on this appeal is whether substantial evidence in the record supports the board's determination that an employer-employee relationship existed between the alleged employer and claimant. We find that there is such substantial support. Admittedly, there are

certain factors which might indicate that claimant was an independent contractor. Thus, there was relatively little supervision over his work, and he utilized his own tools and truck and hired help for himself when necessary. Also, he was paid on a piecework basis and had no social security or tax payments ͻ ⁺th⁻held from his earnings. All this notwithstanding, however, there was likewise evidence that the alleged employer directed the design and specifications of the work (cf. *Matter of Wheeler* v. *Victor Kayfetz Prods.*, 38 A D 2d 667). Furthermore, claimant did not hold himself out to the public as performing an independent service and regularly devoted most, if not all, of his time to the alleged employer's business (see 1A Larson's, Workmen's Compensation Law, § 45.31.[a], p. 8–109). Accordingly, the board's decision must be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.