■ In the Matter of the Claim of ROBERT ETHERINGTON, Respondent, v EMPIRE IMPROVEMENTS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 30, 1974, which found an employer-employee relationship and allowed claimant's claim for disability payments. Four days prior to February 20, 1973 Empire Improvements, Inc., hired claimant to do roofing work on several houses. Empire agreed to pay claimant at the rate of $10 per square for laying new shingles and $15 per square for ripping off old ones. Claimant fell off the roof and broke his hip. There is no dispute about the testimony before the referee. Claimant was hired, taken to the work site by a representative of Empire, and given a work sheet which outlined the work to be done. Empire supplied the new shingles but claimant used his own tools and ladder and supplied his own transportation to and from the work site. No Social Security or tax payments were withheld from his pay. The question of whether or not an employment relationship exists is factual and no one fact can be exclusively relied upon to prove or disprove the relationship. This court has held that the use of one's own tools *(Matter of Wheeler v Kayfetz Prods.,* 38 AD2d 667), lump sum payments (cf. *Matter of Klein v Sunrise Bldg. Co.,* 7 AD2d 805) or the fact that no Social Security or tax payments were withheld (cf. *Matter of Waterbury v Dieges & Clust,* 284 App Div 912), while factors to be considered, are not determinative of the question of employer-employee relationship. In *Matter of Reichenbach v Myrtle Floor Covering* (46 AD2d 714)

wherein, as here, the claimant used his own tools, supplied his own transportation and was paid on a piecework basis, we nevertheless held that since the employer directed the design and specifications of the work, again as here, the employer-employee relationship was established. Also in *Reichenbach (supra)*, as here, the claimant did not hold himself out as an independent contractor, did not advertise, and devoted all his time to his employer's business. There is substantial evidence in the record to support the board's conclusion. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.