*944 OPINION OF THE COURT
Memorandum.
On the record in this case, the issue of whether decedent was an independent contractor at the time of his death was a question of fact within the sole competence of the board to resolve.
Specifically, the requirement of the substantial evidence rule was met here, among other facts, by the appellant’s field supervisor’s testimony that he attempted no control of decedent’s work or hours, but merely checked on the quality of the work that had been commissioned; by introduction of the bill submitted by decedent for the work he had done and for which he had accepted payment in the form of a nonpayroll check without payroll deductions; and by proof that for some years before decedent’s death the appellant had operated its business under a reordered method by which it referred all kitchen cabinet installations to subcontractors. While there was other proof from which contrary inferences might be drawn, whether to credit them rather than those it chose to accept was for the board to determine.
It follows that the decision appealed from and the order of the Appellate Division, brought up pursuant to CPLR 5601 (subd [d]), should be reversed and the original decision of the Workers’ Compensation Board reinstated, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Decision appealed from and order of the Appellate Division brought up for review reversed, with costs, and the original decision of the Workers’ Compensation Board disallowing the claim reinstated in a memorandum.