■ In the Matter of the Claim of CHRISTOPHER HOPKINS, Respondent, v PLAYERS' THREE, INC., Doing Business as HUEY'S BAR, et al., Appellants, and UNINSURED EMPLOYERS' FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board,

filed February 8, 1983, which held that claimant sustained an accidental injury in the course of his employment. Claimant, while a regular employee as a watch engineer for Charles F. Noyes Realty, accepted part-time employment in Manhattan repairing refrigerators and air conditioners for Players' Three, Inc., doing business as Huey's Bar. This part-time employment stretched over nine weeks, with claimant working one evening a week, usually on Monday. On the evening of July 17, 1976, while claimant allegedly paused in his work and joined his wife at the bar, a hold up occurred and claimant, caught in a cross fire between an off-duty policeman at the bar and the felons, was severely injured. He brought suit against the City of New York and, on October 12, 1977, filed a claim for benefits under the Workers' Compensation Law. The board, affirming the hearing officer, held that an employee-employer relationship existed and that the accident arose out of and in the course of the employment. The board also held, as a matter of law, that the carrier had not canceled its policy prior to the date of the accident. The employer and the Superintendent of Insurance, liquidator of employer's carrier, appeal. The issue of whether an employer-employee relationship exists is a factual one. Principal factors to be considered are the right to control, the method of payment, who furnishes the equipment, the right to discharge and the so-called "relative nature of the work" test (*Matter of Wittenstein v Fugazy Cont. Corp.*, 59 AD2d 249, 250, mot for lv to app den 43 NY2d 648). While no single factor is controlling and the result can turn on the basis of any one or a combination of the factors (see, e.g., *Matter of Etherington v Empire Improvements,* 55 AD2d 762), the ultimate determination is one of fact and, if conflicting inferences may be drawn from the evidence before the board, then the finding of the board must prevail. Here, claimant testified that John O'Reilly, a lieutenant in the New York City Police Department, introduced him to the proprietor of Huey's Bar with the recommendation that he was qualified to do the repair work. It was agreed that the employer would provide the necessary materials and pay claimant $7 per hour, to be paid after completion of 40 hours of work. It was also agreed that claimant would do the work when he was free from his regular job. Lieutenant O'Reilly testified that he met claimant on the day of the incident and that he was carrying a tool bag on his way to work on the employer's equipment. The bartender, Charles Gaffney, also testified that claimant was working on the night of the incident. Testimony to the contrary was offered by the investigating police officers. This conflicting proof did no more than create issues of credibility which the board resolved in favor of claimant. Accordingly, we are constrained to conclude that substantial evidence supports the board's determination that claimant was an employee of Huey's Bar on July 17, 1976 (*Matter of Etherington v Empire Improvements, supra*). Since no proof was offered to overcome the presumption that claimant was in the course of his employment if the accident arose out of such employment (Workers' Compensation Law, § 21), that finding by the board is also affirmed (*Matter of Hawthorne v Peartrees, Inc.,* 56 AD2d 961, affd 43 NY2d 683). Turning to the issue of insurance coverage, we conclude that the board's finding that the carrier's attempt to cancel its policy of insurance for workers' compensation was ineffective because it failed to comply with the strict requirements of section 54 of the Workers' Compensation Law is correct. While it is undisputed that the carrier's notice of cancellation was filed with the board on July 28, 1975, approximately one year before the date of the accident, there is no proof that a notice of cancellation was sent to the employer as required by section 54 of the Workers' Compensation Law. We reject the carrier's argument that it should be excused because its proof of such mailing was either lost or destroyed when it became insolvent and its records were transferred to the Superintendent of Insurance, as liquidator. Decision af-

firmed, with one bill of costs to those respondents filing briefs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.