■ In the Matter of the Claim of BOOKER T. SANDERS, Appellant, v SAMSOL HOMES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. P. Appeal from a decision of the Workers' Compensation Board, filed October 19, 1984.

Claimant was injured in a fall from a scaffold at a construction site where residence dwellings were being erected by Samsol Homes, Inc. (Samsol). The Workers' Compensation Board has determined that an employer-employee relationship existed between Samsol and claimant. Claimant appeals, contending that he was actually employed by Andy Johnson and James Davis, two individuals who recruited him to work at the Samsol site.

The record demonstrates that claimant, along with Johnson and Davis, was one of six unskilled day laborers recruited by Samsol to carry and install necessary steel framing for the balconies at Samsol's building sites. This work required approximately three or four hours to complete and, on each occasion their services were required, Samsol paid $300 in cash or by check to Johnson or Davis, who then divided the proceeds equally among the six workers. In the days that assistance was required, Johnson and/or Davis, at Samsol's request, would round up the other four to carry out the day's assignment. A representative of Samsol inspected each job to insure the progress of the work, or to start and stop work, if he deemed it necessary. Davis, in his testimony, described these activities as "supervising". Samsol provided necessary materials and tools used on the job, as well as the scaffolding from which claimant fell. We are compelled to conclude that there is substantial evidence to support the determination of the Board on an issue of fact exclusively within its province (see, Matter of Abramson v Long Beach Mem. Hosp., 103 AD2d 866).

Decision affirmed, without costs. Kane, J. P., Yesawich, Jr., and Levine, JJ., concur.

Main and Harvey, JJ., dissent and vote to reverse in a memorandum by Harvey, J. Harvey, J. (dissenting). We respectfully dissent for the reason that our review of the record indicates a lack of substantial evidence to support the decision

of the Worker's Compensation Board. It should be noted that the Board, when first confronted with the record, determined that the evidence was insufficient to support the Administrative Law Judge's decision and remanded the case for further evidence. Nevertheless, the case was returned without the introduction of any additional evidence and the Board then made the decision from which this appeal has been taken.

By analyzing all testimony in the context in which it was given, we find no indication of any control by Samsol Homes, Inc. (Samsol) over claimant. The uncontradicted evidence was that Samsol operated entirely through subcontractors. There was no evidence of a single instance in which Samsol supervised claimant in any respect. In view of the drastic risk of claimant's being faced with a defense of collateral estoppel in his Labor Law action, it is imperative that the instant case be determined upon a sounder basis than mere speculation.

Accordingly, we would reverse the Board's decision.