■ In the Matter of the Claim of NATE N. AGNELLO, Respondent, v MICHAEL IPPOLITO, Doing Business as MICHAEL'S CONTRACTING, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from an amended decision of the Workers' Compensation Board, filed June 20, 1985.

The employer contends that the Workers' Compensation Board erred in finding that claimant was an employee, citing *Matter of Glaze v Villa Mfg. Co.* (45 NY2d 942). In the *Glaze* case, however, the Board concluded that no employer-employee relationship existed and that the decedent therein was an independent contractor, and the court upheld the Board's factual determination as supported by substantial evidence. In the case at bar, the evidence in the record includes conflicting testimony from which competing inferences could be drawn. As in the *Glaze* case, it was for the Board to determine which of the competing inferences to credit *(see also, Matter of Di Maria v Ross,* 52 NY2d 771, 772) and, therefore, its resolution of the factual issue of whether claimant was an employee at the time of the accident must prevail *(see, Matter of Hopkins v Players' Three,* 99 AD2d 912, 913).

The employer also objects to the $25,000 security demand made against him. The Attorney-General argues that the question of whether to make a security demand and the amount thereof are issues that rest solely within the discretionary power of the Board's Chairman and outside the jurisdiction of the Administrative Law Judge (ALJ) and the Board. Thus, it is argued, claimant cannot raise the issue on this appeal, but must resort to a CPLR article 78 proceeding against the Chairman, which would now be untimely. No statutory or regulatory authority is cited for this argument, which is in direct conflict with the procedure employed herein. The original notice of hearing specifically included a reference to a possible security demand, and the ALJ's decisions include the $25,000 security demand as part of the decision and award. The employer included the issue of the security demand in its appeal to the Board and the Board originally remitted the matter for further development of the record on certain issues, including those related to the security demand; however, in its amended decision on appeal, the Board expressly sustained the security demand. There is no merit in the argument that the security demand issue is outside the scope of this appeal.

The security demand apparently was made pursuant to Workers' Compensation Law § 26, which provides for security demands under certain circumstances *(see also,* Workers' Com-

pensation Law § 25 [5]; § 54-a), but as with any administrative determination there must be a rational basis for the Board's conclusion that a security demand and the amount thereof is appropriate. The record herein contains no finding by either the ALJ or the Board relevant to these issues, and no attempt was made at the hearing to develop facts relevant to these issues. We conclude, therefore, that the Board properly remitted the matter for further development of the record in its original decision herein and that the amended decision on appeal must be modified by reversing so much thereof as sustained the security demand of $25,000. The employer's other arguments have been considered and rejected.

Decision modified, without costs, by reversing so much thereof as sustained the security demand; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.