■ In the Matter of the Claim of GEORGE J. SCHAFF, Appellant, v WILLIAM C. MAUNZ COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed October 22, 1987.

William C. Maunz Company, Inc. contracted with the owner of a home in Buffalo to install siding and to perform other work. Maunz subcontracted the siding portion to Steven Huett, who allegedly hired claimant to do carpentry work at $5 an hour. On September 23, 1982, claimant was injured when scaffolding collapsed. Forms filed with the Workers' Compensation Board to report the injury, the attending doctor's first report, the notice of commencement of compensation payments and the employer's wage statement all showed Maunz to be the employer. At a hearing on December 21, 1982, claimant's attorney withdrew the claim and the case was closed. Upon application by Maunz's carrier, the Board rescinded the prior decision and restored the case for development of the employer-employee relationship and of claimant's right to withdraw his claim (see, Workers' Compensation Law § 32). The Board ultimately concluded that claimant was employed solely by Maunz, giving rise to this appeal by claimant.

Claimant maintains that he was injured while employed solely by Huett, who had subcontracted the siding project from Maunz. Maunz and its workers' compensation insurance carrier contend that claimant's motive for denying he was Maunz's employee is to enable commencement of a third-party lawsuit against Maunz. It has been well established that the issue of whether an employer-employee relationship exists is a factual matter within the province of the Board to decide (Matter of Agnello v Ippolito, 132 AD2d 733; Matter of Abramson v Long Beach Mem. Hosp., 103 AD2d 866). "Principal factors to be considered are the right to control, the method of payment, who furnishes the equipment, the right to discharge and the so-called 'relative nature of the work' test" (Matter of Hopkins v Players' Three, 99 AD2d 912, 913).

The evidence before the Board was conflicting. Claimant testified that Huett asked him to help with the siding job because he was short handed, and that he agreed to take $5 an hour. He testified that both he and Huett had previously worked for Maunz, but in this instance Huett told him that he was working for Huett. Claimant further indicated that Huett directed the actual work performed. Huett testified that he was employed by Maunz at the relevant time, but that he

hired claimant to help with the job and that other Maunz employees helped at times. On the other hand, Maunz testified to a subcontract agreement with Huett for the job but that Huett worked in a dual capacity, sometimes as an employee and at other times as an independent contractor. Notably, Maunz provided the material for this project, as well as the scaffolding from which plaintiff fell. Finally, testimony showed that claimant was paid by Maunz for his work on the day of the accident and that another Maunz employee was working with him teaching how to apply siding.

When, as here, competing inferences can be drawn from conflicting testimony in the record, it is the Board's function to determine which version should be credited (*Matter of Di Maria v Ross*, 52 NY2d 771, 772) and its resolution of the factual issue of employment, or not, must prevail (*see, Matter of Agnello v Ippolito, supra; Matter of Abramson v Long Beach Mem. Hosp., supra; Matter of Hopkins v Players' Three, supra*). The Board's conclusion in this case that claimant was injured while employed by Maunz, not Huett, is supported by substantial evidence in the record (*see, Matter of Sanders v Samsol Homes*, 120 AD2d 893, *affd* 68 NY2d 906).

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.