■ In the Matter of the Claim of PETER PIZZATOLA, Respondent, v ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.— Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed March 15, 1988, which ruled that the Ulster County Department of Social Services was claimant's employer.

The Ulster County Department of Social Services (hereinafter UCDSS) administers a "community work experience program" (hereinafter CWEP) which provides employment to recipients of aid to dependent children. Under this program, UCDSS assigns employable recipients to work at suitable sites operated by government agencies or nonprofit organizations. Claimant was injured at the Ulster Performing Arts Center (hereinafter UPAC) while participating in CWEP. A claim for workers' compensation benefits was filed and a divided panel of the Workers' Compensation Board affirmed the determination of a Workers' Compensation Law Judge that UCDSS was claimant's employer. Following mandatory full Board review affirming the Workers' Compensation Law Judge, this appeal by UCDSS ensued.

There should be an affirmance. Initially, we recognize that CWEP clearly envisions that participants will be considered employees and be provided with workers' compensation coverage (42 USC § 609 [a] [4] [B]; 45 CFR 238.18; Social Services Law § 350-k [3] [d]; 18 NYCRR 385.10 [a] [7] [iv]; [c] [8]). UCDSS maintains that claimant was injured while employed by UPAC. We disagree. The Board's finding that a claimant is solely employed by one of two alleged employers is a factual finding which must prevail if supported by substantial evidence (see, Matter of Schaff v Maunz Co., 144 AD2d 109). Here, UCDSS had the exclusive power to appoint CWEP employees, retained the power to select an appropriate work site, paid claimant's wages and approved his work schedule. Moreover, it supervised claimant's job performance, reviewed his weekly time sheets and evaluation reports and retained the authority to remove claimant from the work site. Thus, the Board's conclusion that claimant was injured while employed by UCDSS, and not UPAC, is supported by substantial evidence in the record (see, Social Services Law § 164; 7 Opns St Comp, 1951, at 33-34; Sweet v Board of Educ., 290 NY 73, 77; Matter of Schaff v Maunz Co., supra). Nor does UPAC's exercise of some supervision over claimant undermine the Board's finding that UCDSS was claimant's employer (see, Matter of Meyer v Tops Temporary Personnel, 286 App Div 1048, mod 286 App Div 1123; see also, Matter of Ettlinger v State Ins. Fund, 12 AD2d 568). Finally, that UPAC may have agreed to provide workers' compensation coverage for claimant does not require a contrary result (see, Matter of Green v Nannen & Sons, 20 AD2d 139, 140). We therefore conclude that the Board's finding should be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.