■ In the Matter of the Claim of MARY KURZYNA, Respondent, v COMMUNICAR, INC. et al., Appellants, and ANDREW ZELENYANSKY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, P. J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed September 27, 1990 and June 20, 1991, which, *inter alia,* ruled that Scull's Angels, Inc. was the employer of claimant's decedent.

Communicar, Inc. is a radio dispatched limousine service in the City of New York. Car owners purchase shares of stock in Communicar entitling them to installation of a corporate-owned dispatch radio and to a share of transportation calls. Andrew Zelenyansky owned the car which was driven by Steven Kurzyna, claimant's decedent. Kurzyna was a limousine driver who, although a part owner of another vehicle not involved in this case, leased the Zelenyansky car. Kurzyna was shot to death while picking up the limousine at a repair shop pursuant to the direction of Zelenyansky. Communicar* appeals from a decision and amended decision of the Workers' Compensation Board which found, *inter alia,* that an employer-employee relationship existed between Communicar and Kurzyna.

Communicar contends that its relationship with drivers is that of a contractor with an independent contractor. The resolution of such a factual issue is within the exclusive fact-finding function of the Board *(see, Matter of Harvey v Allegany Timber & Land Co.,* 162 AD2d 775; *Matter of Agnello v Ippolito,* 132 AD2d 733; *Matter of Hopkins v Players' Three,* 99 AD2d 912)* and where, as here, there is substantial evidence to support its decision, it must be affirmed, even while there may also be other evidence which could have supported a contrary conclusion *(see, Matter of Scott v Manzi Taxi & Transp. Co.,* 179 AD2d 949; *see also, Matter of Rivera [State Line Delivery Serv.—Roberts],* 69 NY2d 679, 682, *cert denied* 481 US 1049). Here, Communicar regulated and controlled almost every aspect of a driver's job, which it set forth in a detailed manual of rules and regulations. Drivers are screened and trained by Communicar, their driving conduct is closely regulated, minimum standards and job performance are required and enforced with fines and expulsion, and payment of wages is

---

* Communicar and Scull's Angels, Inc. were found to be one and the same entity for purposes of this proceeding, which determination is not challenged herein. Andrew Zelenyansky, owner of the vehicle leased to Steven Kurzyna, claimant's decedent, was found to be a special employer.

made by check from Communicar, which processes fare vouchers from which it retains a commission. The fares are set by Communicar and each vehicle carries a sign bearing the name Communicar. These facts, all of which are in the record, fully support the finding that an employer-employee relationship existed (see, Matter of Wittenstein v Fugazy Cont. Corp., 59 AD2d 249, lv denied 43 NY2d 648; see also, Matter of Ziegler v Fillmore Car Serv., 83 AD2d 692, lv denied 54 NY2d 609).

We are not unmindful of a contrary conclusion reached in an unemployment insurance case which involved factual circumstances closely paralleling the instant case (see, Matter of Pavan [UTOG 2-Way Radio Assn.—Hartnett], 173 AD2d 1036, lv denied 78 NY2d 857). The case of Matter of Pavan (UTOG 2-Way Radio Assn.—Hartnett) (supra) is not dispositive of the appeal before this court. It is settled law that an administrative determination under one statute is not binding on another agency when the same question arises under another statute (Matter of Dickstein v State Tax Commn., 67 AD2d 1033, 1034; see, Matter of Scott v Manzi Taxi & Transp. Co., supra; Matter of Middleton [Manzi Taxi & Transp. Co.—Hartnett], 166 AD2d 758, lv denied 77 NY2d 803).

Communicar also contends that Kurzyna's death did not occur during or arise within the course of his employment. It is not disputed that shortly prior to his death Kurzyna had been directed by Zelenyansky, who was at the repair shop, to come to the shop to pick up the car for his shift. Kurzyna usually picked up the vehicle at Zelenyansky's home. The record demonstrates the presence of a strong nexus between the employment and Kurzyna's presence at the murder scene (see, Matter of Masek v St. Vincent's Med. Center, 97 AD2d 580; see also, Matter of Malacarne v City of Yonkers Parking Auth., 41 NY2d 189; Matter of Connelly v Samaritan Hosp., 259 NY 137, 139), and any support for Communicar's theory that he was pursuing private interests is purely speculative (see, Matter of Robles v Mossgood Theatre-Saunders Realty, 53 AD2d 972).

Mikoll, Mercure, Crew III and Casey, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.