Jon K. ODSATHER, Appellant,

v.

David RICHARDSON, Appellee.

No. S–10956.

Supreme Court of Alaska.

Aug. 6, 2004.

Theodore D. Hoppner, Hoppner Law Office, Fairbanks, for Appellant.

Robert Groseclose, Mila A. Neubert, Cook Schuhmann & Groseclose, Inc., Fairbanks, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

## OPINION

MATTHEWS, Justice.

Were truck owners who leased their trucks to the same firm independent contractors or employees of the firm? If they were independent contractors then the injury claim of one of the owners against the other is not barred by the exclusive remedy provision of the Alaska Workers' Compensation Act. On summary judgment the superior court concluded that they were employees. We conclude that there are genuine issues of fact as to their status, and therefore reverse the summary judgment.

On January 20, 2000, Jon Odsather and David Richardson were driving trucks on the Dalton Highway. Because a bridge was under construction, they were forced to drive down the riverbank to cross the frozen river. Richardson was not able to stop at the bottom of the incline, and his truck hit Odsather's. Odsather was injured in the accident. Odsather and Richardson each owned the trucks they were driving. Both trucks were under lease to Sourdough Express.

Odsather sued Richardson alleging that the accident was caused by Richardson's negligence. Richardson pled the affirmative defense that he and Odsather were co-employees of Sourdough at the time of the accident so that Odsather's exclusive remedy was under the Alaska Workers' Compensation Act.

Richardson moved for summary judgment arguing that Odsather's complaint was barred by AS 23.30.055, the exclusive remedy provision of the Act.[1] Richardson based his argument on the terms of the Independent Owner/Operator Lease Agreements that both Odsather and Richardson had signed with Sourdough. These agreements each contain a provision that reads:

> It is specifically agreed, understood and intended that O/O is an independent contractor and is not the employee of The Company for an[y] purpose, except as set forth below with regard to workers compensation insurance. . . .
>
> . . . .
>
> Notwithstanding the foregoing, The Company and O/O [owner/operator] acknowledge that administrative and judicial interpretation of the Alaska Workers' Compensation Act may impose an obligation on The Company to obtain Workers' Compensation coverage for O/O and O/O's drivers while they operate the Equipment for The Company. Accordingly, The Company shall obtain Workers' Compensation coverage for O/O and O/O's employees while they operate The Equipment for The Company.

In an affidavit in support of his motion for summary judgment, Richardson stated that

---

**1.** AS 23.30.055 provides: "The liability of an employer prescribed in AS 23.30.045 is exclusive and in place of all other liability of the employer and any fellow employee to the employee . . . ."

under this agreement he is "entitled to the benefits of an employee for purposes of Alaska's workers' compensation law."

Odsather opposed this motion, arguing that factual issues remained as to whether Odsather was an independent contractor or an employee. Odsather contended that the agreement as a whole was more consistent with an independent contractor relationship and further that the court should look at more than just the terms of the contract to decide whether an employee relationship exists.

The superior court granted summary judgment for Richardson. Odsather appeals.

### There Are Issues of Fact as to Whether Odsather and Richardson Were Employees or Independent Contractors of Sourdough.

 Odsather argues that summary judgment was improper because issues of fact remain with respect to the relationship established by the agreement, and that Richardson was not entitled to judgment as a matter of law because the court was required to look at the actual employment relationship by applying the relative nature of the work test.[2]

 Alaska has adopted the "relative nature of the work test" for distinguishing between employees and independent contractors for the purposes of workers' compensation.[3] In *Benner v. Wichman*, we applied this test in the context of determining whether litigants were co-employees or independent contractors.[4] This is a multi-factor test which looks at "first, the character of the claimant's work or business; and second, the relationship of the claimant's work or business to the purported employer's business."[5] The inquiry into the character of the claimant's business can further be broken into three factors: (1) the degree of skill involved, (2) whether the claimant holds himself out to the public as a separate business, and (3) whether the claimant bears the accident burden.[6] The inquiry into the relationship between the claimant's work and the work of the purported employer can also be broken into three factors: (1) extent to which claimant's work is a regular part of the employer's regular work, (2) whether claimant's work is continuous or intermittent, and (3) whether the duration of the work is such that it amounts to hiring of continuing services rather than a contract for a specific job.[7]

 The relative nature of the work test thus requires that the relevant facts be first determined and then analyzed. There has been no such determination in this case. A remand is therefore needed so that the facts relevant to the application of the test can be presented.[8] If there is no genuine issue concerning them, it is possible that this case can be resolved, one way or the other, as a matter of law on a motion for summary judgment. But on this record no resolution as a matter of law is possible.

The trial court relied on Article 5 of the Independent Owner/Operator Lease Agreement in granting summary judgment.[9] Even

---

2. A grant of summary judgment is reviewed de novo. *Arctic Tug & Barge, Inc. v. Raleigh, Schwarz & Powell*, 956 P.2d 1199, 1200 (Alaska 1998). Summary judgment is only proper if the record presents no genuine issues of material fact and the movant is entitled to judgment as a matter of law. On appeal the court must resolve all reasonable inferences in favor of the non-moving party. *Bishop v. Municipality of Anchorage*, 899 P.2d 149, 153 (Alaska 1995).

3. *Benner v. Wichman*, 874 P.2d 949, 952 (Alaska 1994) (applying the relative nature of the work test to determine whether parties were co-employees for purpose of determining whether workers' compensation was the exclusive remedy).

4. *Id.*

5. *Id.* (quoting *Ostrem v. Alaska Workmen's Compensation Bd.*, 511 P.2d 1061, 1063 (Alaska 1973)).

6. *Id.*

7. *Id.* at 953.

8. Richardson, as the summary judgment movant, had the burden of presenting evidence sufficient to negate Odsather's claim that the parties were not employees of Sourdough. *See Barry v. Univ. of Alaska*, 85 P.3d 1022, 1025–26 (Alaska 2004); *McWilliams v. Bolstridge*, 644 P.2d 240, 241 (Alaska 1982).

9. Relevant provisions of Article 5 are quoted *supra* at pages 2–3.

without considering extrinsic facts relevant to the relative nature of the work test, the text of the agreement raises substantial questions as to the actual employment relationship between Richardson, Odsather, and Sourdough. The agreement is primarily a lease. The second recital on the first page of the agreement provides that "O/O is an independent contractor who will furnish and/or operate equipment...." Other indicia of independent contractor status in the agreement are that Odsather and Richardson were to provide their own equipment, were responsible for tax withholding for themselves and their employees, and were required to "indemnify and hold the Company harmless from any loss resulting from the injury to or death of" their employees.

■ The fact that Sourdough carried workers' compensation insurance on Odsather and Richardson is not conclusive of their employment status. In his treatise on workers' compensation law, Professor Larson observes that the majority view is that "insurance coverage is at most persuasive" on the employee/independent contractor issue.[10] In *Kroll v. Reeser*, this court stated that "[w]hile the parties' agreement as to insurance may have a bearing on the nature of an employment relationship and workers' compensation coverage, the Board cannot simply base its decision on the alleged agreement: the totality of all the relevant circumstances still controls."[11] While *Kroll* dealt with the issue of which party was the employer rather than the employee/independent contractor dichotomy, the general principle that an agreement to carry insurance is simply evidence of coverage under workers' compensation is equally applicable in the present context.

■ The fact that Odsather applied for and received workers' compensation benefits is also not conclusive of his status as an employee.[12] His application might constitute an admission by him that he is an employee, but such an admission would only be evidence of that status, not conclusive proof.[13]

We conclude that the summary judgment must be reversed because the facts necessary to apply the relative nature of the work test have not been established. Further, neither the Sourdough leases nor Odsather's application for and acceptance of compensation benefits conclusively resolve the employee/independent contractor issue.

REVERSED and REMANDED for proceedings in accordance with this opinion.

---

10. 3 LARSON'S WORKERS' COMPENSATION LAW § 63.04[2], at 63–7 (1999). *See also Miles v. Tennessee River Pulp & Paper Co.*, 519 So.2d 562, 564 (Ala.Civ.App.1987) (when almost all other indicia showed plaintiff was independent contractor, fact that company provided workers' compensation insurance and deducted premiums from his pay did not require finding of employee status); *Wilcox v. Swing*, 71 Idaho 301, 230 P.2d 995, 997–98 (1951) (finding sufficient evidence that claimant was independent contractor even though defendant bought surety bond from insurer covering all liability to claimant under workers' compensation laws); *Green v. W.O. Nannen & Sons*, 20 A.D.2d 139, 140–41, 245 N.Y.S.2d 108 (N.Y.App.Div.1963) (holding that agreement for compensation insurance coverage or actual coverage was not conclusive of employment status).

11. 655 P.2d 753, 756 (Alaska 1982) (citation omitted).

12. Odsather admits that he filled out a "workers' compensation employee statement" and submitted it to Sourdough's insurer and that he received some compensation. But he claims that ultimately the insurer "denied coverage claiming Plaintiff was not an appropriate workers' compensation claimant under their coverage."

13. *See Brinkmann v. Liberty Mut. Fire Ins. Co.*, 63 Cal.2d 41, 45 Cal.Rptr. 8, 403 P.2d 136, 140 (1965) ("[I]t cannot be said that the mere acceptance of benefits amounts to an admission by plaintiff that Brinkmann was performing duties in the course of his employment when the accident occurred, and in any event, the effect of any admission in this regard would be a matter for the trial court to weigh."); *Chamberlain v. Mut. Benefits Health & Accident Ass'n*, 260 S.W.2d 790, 794 (Mo.App.1953) ("Absent an award, any action taken by the plaintiff in connection with workmen's compensation at most could only be evidentiary by way of an admission against interest."). Richardson has not argued that Odsather made a binding election of remedies precluding him from seeking a judicial remedy.